UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BARRY LOUIS LAMON, | 1:12-cv-00296-AWI-GSA-PC |
|---|---|
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER |
| vs. | (Doc. 29.) |
| B. AMRHEIGN, et al., | ORDER FOR PLAINTIFF TO COMPLY WITH MAGISTRATE JUDGE'S ORDER OF AUGUST 12, 2014 WITHIN THIRTY DAYS |
| Defendants. | |

**I.   BACKGROUND**

Barry Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 28, 2012. (Doc. 1.) The court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on December 7, 2012, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 11.) On February 13, 2014, Plaintiff filed the First Amended Complaint. (Doc. 27.)

The court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and issued an order on August 12, 2014, dismissing the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 28.) Plaintiff was granted thirty days in which to file the Second Amended Complaint. (Id.)

On August 27, 2014, Plaintiff filed a motion for reconsideration by the District Judge of the Magistrate Judge's screening order of August 12, 2014. (Doc. 29.)

## II.  MOTION FOR RECONSIDERATION BY DISTRICT JUDGE

### A.  Legal Standard

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing] the ruling, or party thereof, objected to and the basis for that objection.  This request shall be captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'"  Local Rule 303(c).  "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."  Local Rule 303(f).

### B.  Plaintiff's Motion

Plaintiff disagrees with the Magistrate Judge's assessment that the First Amended Complaint fails to state any claims under § 1983.  Plaintiff claims that the court's first screening order, issued on December 7, 2012, did not sufficiently explain the deficiencies of the initial Complaint and merely stated that his allegations were vague and too generalized, instructing him to be more specific about what each defendant did to violate his rights.  Plaintiff argues that because the court did not address the questions of material law in the first screening order, the second screening order should be reconsidered.  Plaintiff asserts that he followed the instructions in the court's December 7, 2012 order, and therefore all of his claims in the First Amended Complaint should not have been dismissed.  Plaintiff argues that the Magistrate Judge mischaracterized some of his allegations and applied screening standards that conflict with Ninth Circuit case law.

### C.  Discussion

The Court has reviewed the Magistrate Judge's screening order of August 12, 2014, and does not find it to be clearly erroneous or contrary to law.  Therefore, Plaintiff's motion for reconsideration shall be denied.

At this stage of the proceedings, if Plaintiff disagrees with the Magistrate Judge's screening order, his remedy is to file a Second Amended Complaint clearly and succinctly stating the allegations and claims upon which he wishes to proceed. Plaintiff was forewarned in the screening order that if he does not file a Second Amended Complaint, this action will be dismissed. (Doc. 28 at 16 ¶4.) .

Plaintiff shall be granted additional time to comply with the screening order. After Plaintiff files the Second Amended Complaint, the court will screen it based on the allegations and claims stated therein.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on August 27, 2014, is DENIED;
2. Plaintiff is required to comply with the Magistrate Judge's screening order of August 12, 2014;
3. Within thirty days from the date of service of this order, Plaintiff shall file a Second Amended Complaint, pursuant to the court's screening order of August 12, 2014; and
4. If Plaintiff fails to file a Second Amended Complaint, this action will be dismissed with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   October 29, 2014

SENIOR DISTRICT JUDGE