UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>Plaintiff,<br><br>v.<br><br>C/O AUSTIN, et al.,<br><br>Defendants. | No. 1:12-cv-00296-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. No. 41) |

Plaintiff Barry Lamon is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

The matter was referred to the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On September 22, 2015, the magistrate judge filed findings and recommendations which were served on plaintiff and contained notice that objections were to be filed within thirty days. Those findings and recommendations recommended that plaintiff be allowed to proceed against defendants Austin, Wilson and Yzguerra on the claims of retaliation in violation of the First Amendment and state law negligence as alleged in plaintiff's second amended complaint and that all other claims and defendants be dismissed. (Doc. No. 41 at 16.) On October 9, 2015, plaintiff filed objections to the findings and recommendations.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, and as further explained below the court adopts the findings and recommendations in part and declines to adopt them in part.

In his second amended complaint plaintiff alleged First Amendment retaliation claims against defendants Amrhein, Bondoc, Clark, Schultz, Austin, Wilson, and Yzguerra,[1] based upon his being denied access to medical care, either in the form of access to the nutritional supplement "Nutren" (defendants Amrhein, Bondoc, Clark, and Schultz) or by refusing to transport him to a scheduled medical appointment off-site (defendants Austin, Wilson, and Yzguerra), in retaliation for him having previously filed administrative grievances and lawsuits against prison staff.  (*See* Doc. No. 41 at 1–5; Doc. No. 38 at 22–23.)  Additionally, plaintiff alleged an Eighth Amendment cruel and unusual punishment claim against defendants Amrhein, Branson, Bondoc, Clark, Schultz, Austin, Wilson, and Yzguerra for failing to provide him with and/or interfering with the provision of medical care.  (Doc. No. 41 at 1–5; Doc. No. 38 at 23–24.)  Plaintiff also alleged claims for violation of California Civil Code § 52.1 and state-law negligence.  (Doc. No. 38at 24–25.)  Although not explicitly stated in the list of claims for relief included in the second amended complaint (Doc. No. 38 at 22–25), the magistrate judge construed the plaintiff's second amended complaint as stating a due process claim under the Fourteenth Amendment against all defendants, as well as a conspiracy claim under 42 U.S.C. § 1985(3).

The findings and recommendations recommended dismissing plaintiff's First and Eighth Amendment claims against defendants Amrhein, Branson, Bondoc, Clark, and Schultz, and any claim brought by plaintiff under California Civil Code § 52.1 against all defendants.  (Doc. No. 41 at 16.).  To the extent the second amended complaint could be construed as stating a due process claim, the findings and recommendations encouraged its dismissal as well.  (Doc. No. 41 at 12.)  The findings and recommendations do not independently address plaintiff's Eighth

---

[1] Certain of the defendants' last names are spelled in varying ways.  (*Compare* Doc. No. 38 ("Amrheighn") *with* Doc. No. 41 ("Amrhein")).  For simplicity's sake, the court will use the spellings "Amrhein" and "Bondoc" until such time as the correct spellings are determined.

Amendment claims against defendants Austin, Wilson, and Yzguerra. However, they do address these claims within the context of plaintiff's claim of a conspiracy between these defendants to deprive him of adequate medical care under the Eighth Amendment, concluding ultimately that plaintiff had not stated a cognizable Eighth Amendment or conspiracy claim against these defendants. (Doc. No. 41 at 12–14.) Finally, the findings and recommendations concluded that plaintiff should be permitted to proceed solely on his First Amendment retaliation claim against defendants Austin, Wilson, and Yzguerra, and the attendant state-law negligence claim. (Id. at 11, 15. All of plaintiff's other state-law negligence claims were recommended to be dismissed due to a lack of supplemental jurisdiction. (Id. at 15.)

### A. Eighth Amendment Claims

Plaintiff raises no objections concerning the findings and recommendations addressing his Eighth Amendment claims against defendant Clark. (Doc. No. 42.) As such, the undersigned adopts the recommendation that the Eighth Amendment claims against defendant Clark be dismissed.[2]

Concerning defendants Amrhein, Bondoc and Schultz, plaintiff also raises no objection to the magistrate judge's analysis of his Eighth Amendment claims against them. (Doc. No. 42.) Accordingly, the undersigned will adopt the recommendation that plaintiff's Eighth Amendment claims against these defendants be dismissed. In addition to the discussion in the findings and recommendation, plaintiff's second amended complaint alleges that these defendants advised him nutritional supplements were only given to those who were drastically underweight, and that plaintiff was not drastically underweight and had no other discernible medical condition necessitating the nutritional supplement. (Doc. No. 38, ¶ 34.) These allegations indicate

---

[2] The undersigned notes that, taking as true the factual allegations of plaintiff's second amended complaint, the central issue as to defendant Clark was his cancelling of plaintiff's nutritional supplement. However, the second amended complaint also alleges that defendant Clark, in fact, renewed plaintiff's prescription for the nutritional supplement approximately two weeks later, following plaintiff's complaints to him about its cancellation. (Doc. No. 38, ¶ 37.) Of course, a mere difference of opinion about the appropriate medical treatment does not amount to deliberate indifference, especially where the medical professional was responsive to plaintiff's complaints. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

defendants had not subjectively drawn an inference that cancelling plaintiff's nutritional supplement would be harmful to him, *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994), and plaintiff has not alleged any facts showing a "purposeful act or failure to respond" to prisoner's pain, *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) in this regard.  Again, of course, a mere difference of opinion about appropriate medical treatment does not constitute deliberate indifference.  *Sanchez*, 891 F.2d at 242.

The undersigned also adopts the magistrate judge's recommendation that plaintiff's Eighth Amendment claims against defendants Austin, Wilson, and Yzguerra be dismissed  Despite plaintiff's contention in his objections that the magistrate judge "entirely omitted" this issue (Doc. No. 42 at 6), the findings and recommendations address this claim in the context of the plaintiff's apparent attempt to state a conspiracy claim as indicated by his own reference to 42 U.S.C. § 1985(3).  (*See* Doc. 41 at 14.)  Eighth Amendment inadequate medical care claims are judged under a subjective standard of deliberate indifference, making subjective awareness by the individual defendants of a substantial risk of serious harm crucial to the stating of a cognizable claim.  *See Farmer*, 511 U.S. at 837.  As already noted, plaintiff's second amended complaint contains no allegation that defendants Austin, Wilson, and Yzguerra were aware of any serious risks to plaintiff's health by delaying his transportation.  (Doc. 41 at 14.)  Therefore, the recommendation that plaintiff's Eighth Amendment claims against defendants Clark, Amrhein, Bondoc, Schultz, Austin, Wilson, and Yzguerra be dismissed will be adopted.

**B.     First Amendment Claims**

The standard for a prisoner pleading a First Amendment retaliation claim is well-settled in this circuit:

> Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).  A retaliation claim has five elements. *Id.*  First, the plaintiff must allege that the retaliated-against conduct is protected.  The filing of an inmate grievance is protected conduct. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).  Second, the plaintiff must claim the defendant took adverse action against the plaintiff. *Id.* at 567.  The adverse action need not be an independent constitutional violation. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  "[T]he mere threat of harm can be an adverse action . . . ." *Brodheim*, 584 F.3d

4

at 1270.

> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. *See Pratt*, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); *Murphy v. Lane*, 833 F.2d 106, 108–09 (7th Cir. 1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. *Id.* at 569.
>
> Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution . . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, *id.*, or that they were "unnecessary to the maintenance of order in the institution," *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984).

*Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012).

The findings and recommendations recommended dismissing plaintiff's retaliation claims against defendants Amrhein, Bondoc and Schultz because of the lack of adverse action. The magistrate judge reasoned that, since the guards allegedly began intercepting and tainting plaintiff's nutritional supplement, his being deprived of the supplement was a beneficial, not an adverse, action. (Doc. No. 41 at 10.) It appears, however, plaintiff's actual complaint is that, once he complained that the guards were intercepting and tainting his nutritional supplement, the resolution would have been to provide him untainted supplement rather than preventing him from receiving the supplement at all. He apparently requested this by asking to have the supplement cans opened in his presence, (Doc. No. 31 at ¶ 31), and this apparently happened. In this regard, plaintiff alleges in his second amended complaint that defendant Amrhein told him "she knew her staff had already stopped opening [plaintiff's] Nutren outside of [his] view." (Doc. No. 31 at ¶ 32.) Plaintiff's allegation against defendants Amrhein, Bondoc and Schultz appears to be that,

5

following this exchange, he refused to drop the administrative grievance he had filed, and in retaliation, they canceled his prescription for his nutritional supplement. (Doc. No. 31 at ¶¶ 32–34.) These are the facts pleaded by plaintiff, which the court must accept as true at this stage of the proceeding. *Iqbal*, 556 U.S. at 679. Plaintiff has therefore alleged all five elements of a cognizable retaliation claim against defendants Amrhein, Bondoc and Schultz: (1) the retaliated-against conduct was protected (the filing of an inmate grievance); (2) the defendants took adverse action against him (by cancelling his nutritional supplement); (3) there was a causal connection between the two (the second amended complaint alleges plaintiff was told the supplement was being cancelled because he refused to drop his inmate grievance); (4) he suffered another harm (i.e., being deprived of the supplement and thereby suffering pain); and (5) that in addition to the retaliatory motive, the actions were unnecessary to the maintenance of order in the institution. Accordingly, the undersigned declines to adopt the recommendation that plaintiff's retaliation claims against defendants Amrhein, Bondoc and Schultz be dismissed, and will instead allow these claims to proceed.

The undersigned will adopt the recommendation that plaintiff's First Amendment retaliation claim against defendant Clark be dismissed. In doing so, the court again notes that the allegations of plaintiff's own second amended complaint indicates defendant Clark renewed plaintiff's prescription for the nutritional supplement after plaintiff complained about its cancellation, indicating no adverse action against plaintiff was taken by defendant Clark. (Doc. No. 38 at ¶ 37.) Even if, as plaintiff argues in his objection, the causal connection was met with respect to this claim, plaintiff has failed to allege an adverse action and therefore cannot state a cognizable retaliation claim against defendant Clark.

Finally, the undersigned adopts the recommendation that plaintiff be allowed to proceed on his First Amendment retaliation claims against defendants Austin, Wilson and Yzguerra.

### C. California Civil Code § 52.1

Next, the findings and recommendations recommend that plaintiff's claims against all defendants brought pursuant to California Civil Code § 52.1, also known as the Bane Act, be dismissed for failure to state a cognizable claim. The undersigned declines to adopt this

recommendation.

The magistrate judge based that recommendation on the grounds that plaintiff did not allege any facts demonstrating he was threatened, intimidated, or coerced during the interference with his First Amendment rights. However, the First Amendment theory plaintiff is being permitted to proceed under is one of unlawful *retaliation*. This theory necessarily implies defendants Amrhein, Bondoc, Schultz, Austin, Wilson, and Yzguerra engaged in unlawful conduct that threatened to "chill or silence a person of ordinary firmness from future [protected] First Amendment activities." *Watison*, 668 F.3d at 1114–15. While not all alleged violations of First Amendment rights will inherently involve coercion and therefore be appropriately accompanied by Bane Act claims, *see Cuviello v. City and County of San Francisco*, 940 F. Supp. 2d 1071, 1103 (N.D. Cal. 2013), the undersigned understands retaliation claims to inherently encompass some element of threat, intimidation, or coercion against a plaintiff's exercise of First Amendment rights, making them susceptible to companion Bane Act claims as well. *See Lopez v. Cate*, No. 1:10-cv-01773-AWI-SKO, 2013 WL 239097, at *11 (E.D. Cal. 2013) (concluding that a cognizable Bane Act claim was stated against defendants where a cognizable claim First Amendment retaliation claim was also stated against them). Here, since plaintiff alleges facts sufficient to state a cognizable claim that defendants Amrhein, Bondoc, Schultz, Austin, Wilson, and Yzguerra engaged in retaliatory behavior against him because of his propensity to file lawsuits and inmate grievances, if his allegations are proven a jury could also find that he has made a showing that defendants threatened, intimidated, or coerced him in an effort to interfere with his enjoyment of his First Amendment rights. Therefore, the undersigned will allow plaintiff to proceed against defendants Amrhein, Bondoc, Schultz, Austin, Wilson, and Yzguerra on his claims brought pursuant to California Civil Code § 52.1.[3]

**D.  Negligence**

The findings and recommendations recommend that plaintiff be allowed to proceed on his state law negligence claims against defendants as to whom a federal claim was proceeding which

---

[3] Plaintiff is, similarly, being allowed to proceed on his First Amendment retaliation claims against these defendants.

7

shared a "common nucleus of operative facts," such that it was part of the same "case or controversy." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); 28 U.S.C. § 1367(a). Since by this order plaintiff is being allowed to proceed on claims against defendants Amrhein, Bondoc, and Schultz on First Amendment retaliation grounds, any concomitant state law negligence claims against these defendants which arise out of the same common nucleus of operative facts may proceed as well. Therefore, the undersigned will adopt the findings and recommendations only in part with respect to plaintiff's state law negligence claims.

### E.   Other Claims and Defendants

The magistrate judge also recommended dismissal of plaintiff's claims against defendant Branson, plaintiff's Due Process claims, and plaintiff's conspiracy claims. The undersigned adopts each of those recommendations.

### F.   Leave to Amend

Having filed three complaints (Doc. Nos. l, 27 & 38), plaintiff has been provided guidance and multiple opportunities to cure the defects in this complaint since the inception of this action in February 2012. Because he has not cured these defects and has failed to state a claim on which relief can be granted with respect to several of his causes of action, granting further leave to amend would be futile. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Accordingly, the dismissal of causes of action and defendants will be with prejudice and without leave to amend.

COCNLUSION

Accordingly,

1. The findings and recommendations, filed on September 22, 2015, are ADOPTED in part, as discussed above. The status of plaintiff's claims as a result of this order is as follows:
    a. Plaintiff's First Amendment retaliation claims against defendants Amrhein, Bondoc, Schultz, Austin, Wilson, and Yzguerra are permitted to proceed.

1 /////

2     b.    Plaintiff's First Amendment retaliation claim against defendant Clark is
3           DISMISSED WITH PREJUDICE.

4     c.    Plaintiff's Eighth Amendment inadequate medical care claims against all
5           defendants are DISMISSED WITH PREJUDICE.

6     d.    Plaintiff's claims under California Civil Code § 52.1 against defendants Amrhein,
7           Bondoc, Schultz, Austin, Wilson, and Yzguerra are permitted to proceed.

8     e.    Plaintiff's claims under California Civil Code § 52.1 against defendant Clark are
9           DISMISSED WITH PREJUDICE.

10    f.    Plaintiff's state-law negligence claims against defendants Amrhein, Bondoc,
11          Schultz, Austin, Wilson, and Yzguerra are permitted to proceed only to the extent
12          that they are based on the same factual allegations as plaintiff's First Amendment
13          retaliation claims against those same defendants.

14    g.    Plaintiff's state-law negligence claim against defendant Clark is DISMISSED
15          WITH PREJUDICE.

16    h.    All of plaintiff's claims against defendant Branson are DISMISSED WITH
17          PREJUDICE.

18    i.    Plaintiff's Due Process Clause claims against all defendants are DISMISSED
19          WITH PREJUDICE.

20    j.    Plaintiff's conspiracy claims against defendants Austin, Wilson, and Yzguerra are
21          DISMISSED WITH PREJUDICE.

22 2.    This action is referred back to the magistrate judge for service of process and further
23 proceedings.

24
25 IT IS SO ORDERED.

26 Dated:   **February 12, 2016**          _Dale A. Drozd_
                                                           UNITED STATES DISTRICT JUDGE
27
28