UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C/O AUSTIN, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-00296-DAD-BAM-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR ORDER OF PROTECTION<br><br>(ECF Nos. 52, 55)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATIONS**

**I.　Background**

Plaintiff Barry Louis Lamon is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court are (1) Plaintiff's first motion for preliminary injunctive relief, filed June 30, 2016 (ECF No. 52); (2) Plaintiff's first motion for an order of protection, filed August 8, 2016 (ECF No. 55); and (3) Plaintiff's supplement to his motion for an order of protection, filed October 17, 2016 (ECF No. 59).[1]

**II.　Motion for Preliminary Injunction and Motion for Order of Protection**

In Plaintiff's motion for preliminary injunctive relief, he states that from May 19, 2016, he was being held in a medical health crises bed ("MHCB") at Corcoran, where the Defendants

---

[1] Plaintiff also filed a second motion for an order of protection, (ECF No. 57), which this Court previously granted him relief upon, by an order dated September 26, 2016, (ECF No. 58.)

in his lawsuit are employed. He asserts that CDCR officials placed him on a medical hold as a pretext, to interfere with his ability to litigate this case. He seeks an order directing the prison officials to provide him access to his personal property and legal materials, and to expedite his transfer from Corcoran to DSH.

In Plaintiff's first motion for an order of protection, Plaintiff informs the Court that he was subsequently transferred to Salinas Valley State Prison/DSH on July 19, 2016. (ECF No. 55.) Plaintiff explains that he requested pleading paper and envelopes to respond to the Court's orders, and shortly thereafter, the DSH property assistant provided him paper and envelopes. Nevertheless, Plaintiff asserts that the interference with his access to the courts continues. This assertion appears to be based on his understanding that the Court did not receive the USM-285 forms he provided for this case, which he believes, was due to the interference of prison officials. Plaintiff re-asserts that he continues to seek injunctive relief. He specifically seeks for more USM-285 forms and a copy of his complaint be provided to him so that he can submit service documents, and he seeks an order instructing the prison officials to facilitate the transportation of his legal materials due to his transfer.

Plaintiff's supplement, dated October 9, 2016, explains that on September 26, 2016, he was returned to Kern Valley State Prison, and on or about October 6, 2016, his case records were returned to him. (ECF No. 59.) Plaintiff continues to seek relief from any penalties associated with any failure of the Court to receive the USM-285 forms and complaint copies he attempted to send to the Court through the prison officials. He also seeks more USM-285 forms so that he can comply with the Court's prior order.

### A. Standard

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quotations and citations omitted) (emphasis in original).

"A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985). The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

**B.  Analysis**

In general, the injunctive relief Plaintiff seeks through his motions is moot, by his own admissions. In both Plaintiff's first motion for preliminary injunctive relief and his first motion for an order of protection, he sought his property, but he states that his case records were finally returned to him on October 6, 2016, after he was returned to Kern Valley State Prison. Moreover, now that he is housed at Kern Valley State Prison, his claims for injunctive relief against the officials employed at Corcoran and Salinas Valley State Prison have been further rendered moot due to his transfers. See Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

To the extent Plaintiff seeks relief from being required to submit USM-285 forms and other documents for service on Defendants, that issue is also moot. Plaintiff was previously granted the forms he requested and relieved from his duty to provide copies of his pleadings by

3

this Court's September 26, 2016 order. (ECF No. 58.) Plaintiff has since provided the USM-285 forms, and on October 27, 2016, the Marshal was subsequently ordered to serve the Defendants. (ECF No. 61.)

### III.   Conclusion and Recommendations

For these reasons, the Court HEREBY RECOMMENDS that:

1. Plaintiff's motion for preliminary injunctive relief, filed June 30, 2016 (ECF No. 52), be DENIED; and,

2. Plaintiff's first motion for an order of protection, filed August 8, 2016 (ECF No. 55), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 21, 2016**           /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE