**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>B. AMRHEIGN, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-00296-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, (ECF No. 71), AND REQUEST FOR JUDICIAL NOTICE, (ECF No. 72)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Barry Louis Lamon is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　This case proceeds on Plaintiff's First Amendment retaliation claims, state-law negligence claims based on the same factual allegations, and California Civil Code § 52.1 claims, against Defendants Amrhein, Bondoc, Schultz, Austin, Wilson, and Yzguerra. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Currently before the Court is Defendants' Motion for Judgment on the Pleadings, filed on January 9, 2017. (ECF No. 71.) On January 23, 2017, Plaintiff filed an opposition to Defendants' motion, (ECF No. 73), and on January 30, 2017, Defendants filed a reply to Plaintiff's opposition, (ECF No. 75.) Defendants' motion is deemed submitted without oral argument. Local Rule 230(l).

**I.　Motion for Judgment on the Pleadings**

　　　　Defendants bring their motion under Federal Rule of Civil Procedure 12(c). They argue that because Plaintiff has previously litigated these claims in 2009, when the parties stipulated to a

1

dismissal with prejudice, and in 2011, when the Court dismissed the claims, Plaintiff is now barred from raising them this action under the doctrine of claims preclusion.

Plaintiff opposes the motion on several grounds. First, he argues that Defendants' motion is procedurally incorrect, as a motion for the judgment on the pleadings shall only be filed after Defendants have filed an answer, which they have not done here. Plaintiff further argues that the motion should be converted to a motion for summary judgment, and denied for lack of merit. Plaintiff also does not deny bringing actions in 2009 and 2011, but argues that there is no privity of the parties or identity of claims between this action and the 2009 action. Plaintiff further argues that the 2011 action did not proceed to a judgment on the merits. Thus, Plaintiff argues that Defendants' motion must be denied.

In reply, Defendants concede that their motion should not have been brought under Rule 12(c) as the pleadings have not closed, but they assert that their motion may be converted to a motion to dismiss pursuant to Rule 12(b)(6). Defendants further argue that their motion should not be converted to a motion for summary judgment because the matters they rely upon may be considered on a Rule 12(b)(6) motion. To Plaintiff's preclusion arguments, Defendants argue that Plaintiff's 2011 action ended in a judgment on the merits, as it was involuntarily dismissed for the failure to comply with a court order, and that his 2009 action arise out of the same legal theories, same facts, and involved the same parties. Therefore, they assert that their motion should be granted.

**A.    Converting Motion for Judgment on the Pleadings to a Motion to Dismiss**

Defendants have admitted a procedural error in bringing a Rule 12(c) motion at this juncture. Therefore, as a threshold issue, the Court must determine whether Defendants' motion must be denied on those grounds, or whether it may be converted to a motion to dismiss under Rule 12(b)(6), as they request.

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is substantially identical to a motion to dismiss for failure to state a claim under Rule 12(b)(6), because both permit challenges to the legal sufficiency of the opposing party's pleadings. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 n.4 (9th

2

Cir. 2011) ("Rule 12(c) is 'functionally identical' to Rule 12(b) (6) and . . . 'the same standard of review' applies to motions brought under either rule."). "The main difference between the two motions is timing: a 12(b)(6) motion is brought before the filing of an answer, whereas a motion for judgment on the pleadings is brought after the pleadings are closed." Clerk v. Telesis Cmty. Credit Union, No. EDCV 12-01152-CJC, 2013 WL 3071250, at *1 (C.D. Cal. June 18, 2013) (citations omitted).

In this case, Defendants filed their motion for judgment on the pleadings before any answer was filed, and it is therefore premature. However, the Court finds it appropriate to convert the motion to a motion to dismiss pursuant to Rule 12(b)(6). As the same legal standards apply, there is no risk to either party. See Cafasso, United States ex rel., 637 F.3d at 1053. See also Clerk, 2013 WL 3071250, at *2 (converting a premature Rule 12(c) motion for judgment on the pleadings to a Rule 12(b)(6) motion to dismiss, after finding no prejudice due to the same legal standards applying). Further, dismissing Defendants' motion on procedural grounds and then requiring Defendants to file a substantively identical motion to be re-briefed would be a waste of resources and cause delay. See Jaeger v. Howmedica Osteonics Corp., No. 15-CV-00164-HSG, 2016 WL 520985, at *6 (N.D. Cal. Feb. 10, 2016). Thus, the Court recommends that Defendants' motion be converted to a motion to dismiss pursuant to Rule 12(b)(6), and proceeds to evaluate the grounds for the motion accordingly.

**B.     Legal Standards**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241–42 (9th Cir. 2011). In resolving a Rule 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels–Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 1986); Mack v. S. Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

///

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels–Hall, 629 F.3d at 998. Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

### C.     Discussion

As noted above, this case concerns Plaintiff's First Amendment retaliation claims, state-law negligence claims, and California Civil Code § 52.1 claims, against Defendants Amrhein, Bondoc, Schultz, Austin, Wilson, and Yzguerra. These claims are based upon allegations that Plaintiff was denied access to medical care, either in the form of access to the nutritional supplement "Nutren" (defendants Amrhein, Bondoc, Clark, and Schultz) or by being refused transport to a scheduled medical appointment off-site (defendants Austin, Wilson, and Yzguerra), in retaliation for Plaintiff having previously filed administrative grievances and lawsuits against prison staff. The grievances involved allegations that Plaintiff's meals and medications were being tainted by prison officials, and were made in May and June 2009. Defendants argue that Plaintiff is precluded from bringing these claims under the doctrine of res judicata.

#### 1.     Legal Standards for Res Judicata/Claim Preclusion

The doctrine of claim preclusion bars the re-litigation of claims previously decided on their merits. Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005). "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters, Inc., 399 F.3d at 1052 (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)).

When determining, for claim preclusion purposes, whether the present dispute concerns the same claims as prior litigation, the Ninth Circuit considers: "(1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important." Headwaters, Inc., 399 F.3d at 1052 (quoting Costantini, 681 F.2d at 1201-02) (alterations in original). Privity between the parties is required. U.S. v. Bhatia, 545 F.3d 757, 759 (9th Cir. 2008) (citing U.S. v. Cejas, 817 F.2d 595, 598 (9th Cir. 1987)).

**2. Analysis**

As noted above, Defendants argue that the claims in this case have been litigated before, in *Lamon v. Adams, et al.*, No. 1:09-cv-00205-LJO-JLT (E.D. Cal.) (the "2009 action"), and *Lamon v. Amrhein, et al.*, No. 1:11-cv-00615-GSA (E.D. Cal.) (the "2011 action"). As noted above, Plaintiff does not dispute bringing the actions nor their dispositions, as reflected in the judicial documents that Defendants request for the Court to take judicial notice.[1] (ECF No. 72.) He disputes whether preclusion applies here.

Regarding the 2009 action, Plaintiff argues that his claims are distinct and not barred, as there is neither privity between the parties nor identity of claims. In that case, Plaintiff sued several prison officials employed at Corcoran State Prison ("CSP"). Plaintiff alleged that, sometime after May and June 2008, these prison officials used excessive force on him, placed him on strip-cell status, and housed him with known gang members in retaliation for filing inmate grievances and lawsuits related to tainting his meals. Plaintiff thus proceeded on Eighth Amendment claims of excessive force and deliberate indifference to his safety, and First Amendment retaliation claims.

Although the prison officials in the 2009 action are not the same as Defendants in this action, Defendants nevertheless assert that there is privity between the parties because they are all prison

---

[1] The Court may take judicial notice of the prior court proceedings submitted by Defendants. The authenticity of the proceedings is not in question, and a court may take judicial notice of its own records in other cases. Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119–20 (9th Cir. 1980) (citations omitted).

officials with identical interests accused of similar retaliatory conduct during a similar time period. In arguing that the parties need not be identical, Defendants rely upon a case in which an employee was precluded from bringing a suit where the California Fair Employment and Housing Commission had previously litigated his claim, with prior authorization, at the employee's request, and where the employee had an interest in the outcome of the litigation. Trujillo v. Santa Clara Cty., 775 F.2d 1359, 1362 (9th Cir. 1985).

The action here is distinguishable from Trujillo. Although Defendants in this action and defendants in Plaintiff's 2009 action are all prison officials at CSP, there is nothing in the second amended complaint or any judicially noticeable matter showing any agreement or authorization for those officials to represent each other's interests.

Defendants also rely upon MCA Records, Incorporated v. Charly Records, Limited, 865 F. Supp. 649 (C.D. Cal. 1994). However, in that case the company precluded from bringing a claim was in a licensing agreement with the party in the prior litigation concerning the matters at issue, and had financed and participated in the prior litigation. Id. at 654-55. Again, no such agreement or financial relationship exists in this case to support a finding of privity.

The third case Defendants rely upon is a closer case than the others, as it concerned prison officials at separate institutions, who were found to be in privity as they were all Federal Bureau of Prison officials. Church of New Song v. Establishment of Religion on Taxpayers' Money in Fed. Bureau of Prisons, 620 F.2d 648 (7th Cir. 1980). That case concerned suits against chaplains at the prisons whom Plaintiff alleged violated his First Amendment rights to practice his religion. In finding privity was sufficiently shown, the Seventh Circuit held that "[b]oth cases involved chaplains hired by the Federal Bureau of Prisons who were following the guidelines established by the Bureau of Prisons." Id. at 653. This reasoning is not persuasive in this case, as there are no allegations of a universally-applied policy applied in the same manner by the prison officials in this case as in the 2009 action. Rather, although there are allegations of retaliation for similar reasons in this action and the 2009 action, the actual conduct challenged in both actions is not the same. Therefore, the Court does not find that there is privity between the parties in the 2009 action and this action.

///

6

The Court also does not find that there is an identity of claims in the 2009 action and this action. Claims are identical when they derive from the same transactional nucleus of facts, notwithstanding any "different legal labels" attached to the claims. Tahoe—Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077-78 (9th Cir. 2003). (internal quotation marks and footnote omitted). Here, although Plaintiff has made some similar allegations in both this action and the 2009 action involving grievances and lawsuits related to some tainting of items consumed by Plaintiff, the parties involved, the apparent dates, and the conduct challenged are all different. For example, in the 2009 action, Plaintiff alleged retaliatory conduct in the form of being housed with gang members, and excessive force including being pummeled and pepper sprayed. Those allegations are unrelated to the events challenged in this action, concerning an alleged retaliatory cancellation of the Nutren nutrition supplement and denial of a medical visit. For these reasons, the Court does not find that the 2009 action precludes the claims in this action.

Regarding the 2011 action, there is no dispute that the claims raised and parties in that action are the same as in this action. Plaintiff only disputes whether there was a final judgment on the merits.

Plaintiff's 2011 action was dismissed for the failure to comply with the Court's order to pay the filing fee or file an application to proceed in forma pauperis, and judgment was entered accordingly. Plaintiff subsequently filed a motion for reconsideration asking the Court to vacate its dismissal of his claims, and the Court denied that motion.

Defendants argue that because the Court dismissed Plaintiff's action for his failure to comply with court orders, the dismissal was a final judgment on the merits under Federal Rule of Civil procedure 41(b). However, the dismissal order in this case indicated that the dismissal was made without prejudice. The Ninth Circuit has repeatedly held that "a dismissal without prejudice is not a decision on the merits" for the purposes of claim preclusion. Weinberg v. Whatcom County, 241 F.3d 746, 750 (9th Cir. 2001); see also Scholastic Entm't, Inc. v. Fox Entm't Group, 336 F.3d 982, 989 n. 4 (9th Cir. 2003); In re Marino, 181 F.3d 1142, 1144 (9th Cir. 1999). Therefore, this Court does not find that the judgment in Plaintiff's 2011 action precludes any claim in this action on the basis of claim preclusion.

///

## II. Conclusion and Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion for judgment on the pleadings, filed on January 9, 2017 (ECF No. 71), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 24, 2017**              /s/ Barbara A. McAuliffe             
                                        UNITED STATES MAGISTRATE JUDGE