# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, <br><br> Plaintiff, <br><br> v. <br><br> B. AMRHEIGN, et al., <br><br> Defendants. | Case No. 1:12-cv-00296-DAD-BAM-PC <br><br> ORDER REGARDING MOTIONS TO FACILITATE SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANTS <br> (ECF Nos. 64, 66, 67, 74, 83) <br><br> ORDER DENYING MOTIONS TO STAY PROCEEDINGS AND MOTION FOR ASSISTANCE IN OBTAINING RECORDS, AS MOOT <br> (ECF Nos. 78, 79, 81) |

**I.      Relevant Background**

Plaintiff Barry Louis Lamon is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This case proceeds on Plaintiff's second amended complaint alleging First Amendment retaliation claims and state-law claims for negligence and violations of California Civil Code § 52.1 against Defendants Amrhein, Bondoc, Schultz, Austin, Wilson, and Yzguerra. On October 27, 2016, the Court ordered the United States Marshal to serve the summons and second amended complaint on those Defendants.

On December 22, 2016, Defendants Austin, Yzaguirre, and Wilson returned waivers of service of a summons in this action. (ECF No. 70.) Shortly thereafter, on January 9, 2017, Defendants Austin, Yzaguirre, and Wilson moved for judgment on the pleadings and dismissal of Plaintiff's second amended complaint in its entirety as barred by res judicata. (ECF No. 71.) Defendants Amrhein, Bondoc, and Schultz had not been served with process at that time.

1

On September 6, 2017, the Court adopted findings and recommendations in full, and denied the motion for judgment on the pleadings. (ECF No. 84.) The matter was referred for further proceedings consistent with that order. Thus, the Court now addresses the outstanding service issues regarding Defendants Amrhein, Bondoc, and Schultz.

The United States Marshal returned a summons unexecuted for Defendant Amrhein, (ECF No. 65), Defendant Bondoc, (ECF No. 62), and Defendant Schultz, (ECF No. 69). Plaintiff had indicated that Defendant Amrhein was employed as a supervising registered nurse at Corcoran State Prison. The Marshal reports that the California Department of Corrections and Rehabilitation ("CDCR") stated that they have no employee by that name. Plaintiff had indicated that Defendant Bondoc was employed as a family practitioner nurse at Corcoran State Prison, and was routinely assigned to the Facility A Yard Security Housing Unit medical building. The Marshal reports that CDCR stated that Defendant Bondoc was a contract employee, and separated from employment in March 2011. Finally, Plaintiff had indicated that Defendant Schultz was employed as a registered dietician at Corcoran State Prison, who was routinely assigned to the John D. Klarich Memorial Medical Hospital located on the grounds of the prison. The Marshal reports that CDCR stated that there is no such current or former employee.

Currently before the Court are Plaintiff's motions to obtain assistance and facilitate service of the summons and second amended complaint on Defendants Amrhein, Bondoc, and Schultz. (ECF Nos. 64, 66, 67, 74, 83.)

**II.     Motions to Facilitate Service of Process**

In a series of motions, Plaintiff provides additional information regarding Defendants Amrhein, Bondoc, and Schultz to assist with service of process. Plaintiff also filed three motions to stay these proceedings while he attempted to gain access his case records and legal materials, and to obtain assistance from the Court in accessing those materials. Plaintiff asserted that the materials contained information that could assist in serving Defendants Amrhein, Bondoc, and Schultz. (ECF Nos. 78, 79, 81.) However, in Plaintiff's most recent motion, he states that he was issued the relevant case records and materials on August 10, 2017. (ECF No. 83, at p. 2.)

///

1    Therefore, Plaintiff's motions to stay these proceedings and for assistance from the court
2 in accessing his records are moot, and will be denied on those grounds.

3    Turning to the additional information Plaintiff has provided, regarding Defendant
4 Amrhein, Plaintiff indicates that her name was misspelled on the service documents due to his
5 error, and that the proper spelling of her full name is "Barbara Amrhein." (ECF No. 66, at pp. 1-
6 2; ECF No. 67, at pp. 1-2)

7    Regarding Defendant Bondoc, Plaintiff argues that additional information may be found
8 to locate Defendant Bondoc with the use of a special investigator. Plaintiff requests that the
9 Court order Marshal Service to seek the assistance of CDCR. Plaintiff also suggests that defense
10 counsel be confidentially ordered to provide information as to Defendant Bodoc's current
11 address to the U.S. Marshall to effect service of process. (ECF No. 64, at pp. 2-4.) In the
12 alternative, Plaintiff requests that he be allowed limited discovery against CDCR to get
13 information on any contracting agency who handled Defendant Bondoc's employment, and who
14 may have information on Defendant Bondoc's address or location. (Id. at p. 5.)

15    Regarding Defendant Schultz, Plaintiff initially asserted that the Defendant Schultz's
16 name may be misspelled. (ECF No. 74, at pp. 1-2.) In a later filing, Plaintiff indicates that his
17 records revealed that the Defendant Schultz's name is "Lana Schultz," not Laura Schultz, as he
18 had previously indicated.[1]

19    In cases involving a plaintiff proceeding in forma pauperis, a U.S. Marshal, upon order of
20 the court, serves the summons and the complaint. See Avery v. Allamby, No. 13-CV-3169-
21 BTM-DHB, 2015 WL 710695, at *1 (S.D. Cal. Feb. 17, 2015) (citing Fed. R. Civ. P. 4(c)(3)).
22 The plaintiff must provide the information necessary to identify the defendant so that the U.S.
23 Marshal can effect service. Id.

24    Here, Plaintiff has provided additional information regarding Defendants Amrhein and
25 Schultz; namely, the proper spelling of their names. As a result, the Court will issue a separate

---

[1] Plaintiff also asserts that his documents reveal facts suggesting that he may need to name additional defendants in this action, possibly named "L. Schaper" and "C. Cohagen." (ECF No. 83, at p. 4.) Plaintiff is not precluded from filing a motion for leave to amend his second amended complaint to add additional parties or allegations, if he deems it necessary.

1  order directing the United States Marshal to attempt re-service with this new corrected
2  information.
3       Regarding Defendant Bondoc, Plaintiff has provided the information necessary to
4  sufficiently identify that defendant, but the U.S. Marshal was unable to effect service of process
5  upon Defendant Bondoc due to her separation from employment. If a forwarding address is
6  available from Defendant Bondoc's former employer, and the privacy of that address can be
7  preserved, Plaintiff is entitled to rely on the Marshal to effect service upon Defendant Bondoc.
8  See Avery, 2015 WL 710695, at *2 (citing Puette v. Blandford, 912 F.2d 270, 275 (9th Cir.
9  1990)). Therefore, the Court will direct the United States Marshal to attempt re-service, and to
10 request a forwarding address in a confidential memorandum. Any confidential forwarding
11 address shall not appear on any U.S. Marshal Form 285, and shall not be made a part of the
12 Court's public record. A separate order will issue concurrently with this order.

### III. Request for the Appointment of Counsel

Plaintiff also seeks the appointment of counsel, arguing that he requires appointed counsel because he is incarcerated, indigent, and without any other assistance. (ECF No. 64, at pp. 6-7.)

Plaintiff does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 n.1 (9th Cir. 1998). The Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.

In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily from indigent prisoners proceeding without representation. Further, although the Court has found that Plaintiff stated a cognizable claim, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Additionally, based on a review of the record in this case, the Court finds that Plaintiff can adequately articulate his claim.

For these reasons, Plaintiff's request for the appointment of counsel is denied, without prejudice.

**IV.  Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motions to obtain assistance and facilitate service of the summons and second amended complaint on Defendants Amrhein, Bondoc, and Schultz. (ECF Nos. 64, 66, 67, 74, 83) are granted in part and denied in part as explained above;

2. A separate order directing re-service by the U.S. Marshal upon Defendants Amrhein, Bondoc, and Schultz without prepayment of costs pursuant to Federal Rule of Civil Procedure 4(c) shall issue concurrently with this order;

3. Plaintiff's motions to stay these proceedings and to obtain assistance from the Court in accessing materials (ECF Nos. 78, 79, 81) are denied, as moot; and

4. Plaintiff's request for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:  **September 11, 2017**         /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE