# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>    Plaintiff,<br><br>  v.<br><br>B. AMRHEIGN, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00296-DAD-BAM-PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 88) |

Plaintiff Barry Louis Lamon is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's document entitled, "First Motion for Reconsideration and Clarification of Court Orders," filed on September 20, 2017. (ECF No. 88.) Plaintiff seeks reconsideration of the denial of his request for the appointment of counsel, and requests that the Court order the production of information to assist with service of process on Defendant Bondoc.

**I.    Plaintiff's Motion for Reconsideration**

**A.  Legal Standard**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or

different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

**B. Discussion**

Plaintiff argues that in considering his request for the appointment of counsel, the Court omitted any reference to his need for counsel to assist with service of the summons and complaint upon the unserved defendants in this case. Plaintiff submits that a limited appointment to assist with service of process, at a minimum, is appropriate here.

Plaintiff also seeks for the Court to order defense counsel to provide him with the name of the contracting agency that employed Defendant Bondoc, and to permit early discovery so that he can seek further information for service of process upon Defendant Bondoc.

Plaintiff states that he understands that the Court has ordered the United States Marshal to make another attempt at service on Defendants Amrhein, Bondoc, and Schultz. However, he nevertheless believes that CDCR will obstruct service in this case.

Regarding Plaintiff's request for counsel, the Court carefully considered Plaintiff's submissions, the entire record, and the applicable standards in determining that this case does not present the exceptional circumstances necessary to warrant a search for volunteer counsel at this time. Plaintiff's revived arguments concerning service of process issues and the merits of his claim do not persuade the Court of any error. Service by the United States Marshal on Defendants Amrhein, Bondoc, and Schultz is currently underway using the additional information and clarification Plaintiff previously provided.

1       To Plaintiff's requests regarding discovery, the Court issued a discovery and scheduling order on September 22, 2017, outlining the permissible discovery in this case, and rendering Plaintiff's request to permit early discovery a moot issue. The Court declines to compel the production of documents or information which Plaintiff has not yet requested in the regular course of discovery, and denies that request.

**II.    Conclusion and Order**

      For the reasons explained above, Plaintiff's motion for reconsideration (ECF No. 88) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **September 25, 2017**   /s/ Barbara A. McAuliffe
                                                        UNITED STATES MAGISTRATE JUDGE