# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>    Plaintiff,<br><br>    v.<br><br>B. AMRHEIGN, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-00296-DAD-BAM-PC<br><br>THIRD ORDER DIRECTING SERVICE OF DEFENDANT SCHULTZ BY THE UNITED STATES MARSHALS SERVICE WITHOUT PREPAYMENT OF COSTS |

Plaintiff Barry Louis Lamon is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Service was returned un-executed as to Defendant Schultz after the Court was informed that Defendant Schultz could not be located or identified by the California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 69.) In a series of filings, Plaintiff provided information that Defendant Schultz was employed as a registered dietician at Corcoran State Prison, who was routinely assigned to the John D. Klarich Memorial Medical Hospital located on the grounds of the prison, and that the spelling of her name is "Lana Schultz."

On September 12, 2017, the Court issued an order directing the United States Marshal to attempt re-service with the new information outlined above.

On September 25, 2017, the United States Marshal filed a return of service unexecuted as to Defendant Schultz. (ECF No. 92). The USM-285 form contains remarks stating that forwarding address verification was done by CDCR, as referenced in an attached email. The email, written by the Litigation Coordinator at Corcoran State Prison, states that a letter was sent to Defendant Schultz at her last known address in regards to accepting service, and no response

1

was received within ten days. Further, the Litigation Coordinator has no authorization to accept service on file from Defendant Schultz. The forwarding address was printed on the email, but was appropriately and correctly redacted in the filing, for confidentiality purposes.

The Court is satisfied that Defendant Schultz is no longer employed at Corcoran State Prison and cannot be served through her former employer. Further, the filing shows that the Marshal is now in possession of a last known address which may be used to attempt service on Defendant Schultz. Therefore, the Court will direct the United States Marshal to attempt service at that address. Defendant Schultz's last known address shall not appear on any U.S. Marshal Form 285, shall not be made accessible to Plaintiff, and shall not be made part of the Court's record.

Accordingly, pursuant to Federal Rule of Civil Procedure 4(c), it is HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward the following documents to the United States Marshals Service:

    (1) One completed and issued summons;

    (2) One completed USM-285 form;

    (3) One copy of the Second Amended Complaint, filed February 23, 2015, plus an extra copy for the Marshals Service;

    (4) One copy of this order, plus an extra copy for the Marshals Service; and

    (5) One copy of the Court's consent form.

2. Within ten days from the date of this order, the Marshals Service is directed to notify Defendant Schultz of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c);

3. The Marshals Service is directed to retain the summons and a copy of the complaint in its file for future use.

4. The Marshals Service shall file any returned waiver of service, or the request for waiver of service if returned as undelivered, as soon as it is received.

///

5. If a waiver of service is not returned by Defendant Schultz within sixty days of the date of mailing the request for waiver, the Marshals Service shall personally serve process and a copy of this order upon that defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

b. Within ten days after personal service is effected, the Marshals Service shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshals Service for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

6. In the event that a defendant either waives service or is personally served, the defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

Dated: **September 27, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE