# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>B. AMRHEIGN, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-00296-DAD-BAM-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT SCHULTZ, WITHOUT PREJUDICE, FOR THE FAILURE TO EFFECTUATE SERVICE<br><br>[ECF No. 94]<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Barry Louis Lamon is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　Service of Process**

On October 27, 2016, the Court issued an order directing the United States Marshal to initiate service of process in this action upon Defendant Schultz, among other defendants. (ECF No. 61.)

On December 20, 2016, the United States Marshal filed a return of service unexecuted as to Defendant Schultz. (ECF No. 31). The USM-285 form stated that CDCR reported that they did not have a current or former employee by the name, "Laura Schultz." (Id. at 1.) In a subsequent series of filings, Plaintiff provided additional information related to service, including that Defendant Schultz was previously employed as a registered dietician at Corcoran State Prison, was routinely assigned to the John D. Klarich Memorial Medical Hospital located on the grounds of the prison, and that the spelling of her name is "Lana Schultz." (ECF Nos. 64, 66, 67, 74, 83.)

1

1 | On September 12, 2017, the Court issued an order directing the United States Marshal to attempt re-service with the new information outlined above. (ECF No. 86.)

On September 25, 2017, the United States Marshal filed a return of service unexecuted as to Defendant Schultz. (ECF No. 92). The USM-285 form states that forwarding address verification was done by CDCR, as referenced in an attached email. The email, written by the Litigation Coordinator at Corcoran State Prison, states that a letter was sent to Defendant Schultz at her last known address in regards to accepting service, and no response was received within ten days. Further, the Litigation Coordinator had no authorization to accept service on file from Defendant Schultz. The forwarding address was printed on the email, but was appropriately and correctly redacted in the filing, for confidentiality purposes.

On September 29, 2017, the Court issued an order finding that Defendant Schultz is no longer employed at Corcoran State Prison and cannot be served through her former employer. The Court also directed the United States Marshal to attempt service at the confidential forwarding address provided by Corcoran State Prison. (ECF No. 93.)

On October 11, 2017, the United States Marshal again filed a return of service unexecuted as to Defendant Schultz. (ECF No. 94). The USM-285 form indicates that on October 5, 2017, service was attempted at the address provided for Defendant Schultz by Corcoran State Prison, and the Marshal was informed that she does not live at that address.

**A.     Legal Standards**

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

**B.     Discussion**

In this case, Plaintiff has not provided accurate and sufficient information locate Defendant Schultz for service of process. Service was attempted through Defendant Schultz's former employer using the information provided by Plaintiff, but Defendant Schultz was unable to be served at Corcoran State Prison. Further, the Marshal used the forwarding address information provided by Corcoran State Prison to attempt service, but was unable to serve Defendant Schultz at the address provided. All information provided to attempt service of process on Defendant Schultz has now been exhausted.

In light of the foregoing discussion, including that service of process has been attempted on three separate occasions using all of the information previously provided by Plaintiff, the undersigned recommends that Defendant Schultz be dismissed, without prejudice, based on Plaintiff's failure to serve process on that defendant.

**II.     Conclusion and Recommendations**

Accordingly, it is HEREBY RECOMMENDED that Defendant Schultz be dismissed from this action, without prejudice, for failure to serve process under Rule 4(m).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 15, 2017**               /s/ *Barbara A. McAuliffe*
                                                                                         UNITED STATES MAGISTRATE JUDGE