# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>    Plaintiff,<br><br>v.<br><br>B. AMRHEIGN, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-00296-DAD-BAM-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT AMRHEIN, WITHOUT PREJUDICE, FOR THE FAILURE TO EFFECTUATE SERVICE<br><br>[ECF No. 99]<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Barry Louis Lamon is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    Service of Process**

On October 27, 2016, the Court issued an order directing the United States Marshal to initiate service of process in this action upon Defendant Amrhein, among other defendants. (ECF No. 61.)[1]

On November 28, 2016, the United States Marshal filed a return of service unexecuted as to Defendant Amrhein. (ECF No. 31). The USM-285 form stated that CDCR reported that they did not have a current or former employee by the name, "Amreign." (Id. at 1.) In a subsequent series of filings, Plaintiff provided additional information related to service, including that Defendant Amrhein was employed as a supervising registered nurse at Corcoran State Prison from 2008 through 2009, and that the correct spelling of her name is "Barbara Amrhein." (ECF Nos. 64, 66, 67, 74, 83.)

---

[1] As explained in this order, Defendant Amrhein was erroneously sued as "B. Amrheign."

1

On September 12, 2017, the Court issued an order directing the United States Marshal to attempt re-service with the new information outlined above. (ECF No. 86.)

On October 2, 2017, the United States Marshal filed a return of service unexecuted as to Defendant Amrhein. (ECF No. 99). The USM-285 form states that Defendant Amrhein was identified, and it was confirmed that she left employment with the California Department of Corrections and Rehabilitation ("CDCR") in 2009. CDCR does not have authority to accept service, but Human Resources provided the Marshal with a last known address. On September 15, 2017, a waiver was mailed to the last known address, but it was returned, and the Marshal confirmed that Defendant Amrhein does not live at the last known address.

### A. Legal Standards

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

### B. Discussion

In this case, Plaintiff has not provided accurate and sufficient information to locate Defendant Amrhein for service of process. Service was attempted through CDCR, Defendant Amrhein's former employer, using the information provided by Plaintiff, but Defendant Amrhein was unable to be served at Corcoran State Prison. Further, the Marshal used the forwarding address information provided by CDCR's Human Resources to attempt service, but was unable to serve Defendant Amrhein at the address provided. All information provided to attempt service of process on Defendant Amrhein has now been exhausted.

///

In light of the foregoing, the undersigned recommends that Defendant Amrhein be dismissed, without prejudice, based on Plaintiff's failure to serve process on that defendant.

**II.     Conclusion and Recommendations**

Accordingly, it is HEREBY RECOMMENDED that Defendant Amrhein be dismissed from this action, without prejudice, for failure to serve process under Rule 4(m).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **November 6, 2017**            /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE