# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>  Plaintiff,<br><br>  v.<br><br>AMRHEIGN, *et al.*,<br><br>  Defendants. | 1:12-cv-00296-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT<br><br>(ECF No. 118) |

Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 17, 2017, a settlement conference was held in this matter before Magistrate Judge Michael J. Seng, at which this case settled. (ECF No. 104.) On November 20, 2017, defense counsel filed a stipulation for dismissal, with prejudice, signed by all parties. (ECF No. 105.) On November 27, 2017, all parties having stipulated to a dismissal with prejudice, this case was closed. (ECF No. 107.)

Since this action was closed, Plaintiff has filed several motions regarding enforcement of various terms of the settlement agreement. (ECF Nos. 108, 114.) Those prior motions were both denied. (ECF Nos. 113, 117.)

///

1

Currently before the Court is an informal letter to Magistrate Judge Seng, filed June 29, 2020, regarding enforcement of terms and agreement of settlement. (ECF No. 118.) The Court construes the letter as a motion to enforce the settlement agreement. Defendants have not had the opportunity to file a response, but the Court finds a response unnecessary, and the motion is deemed submitted.

In his motion, Plaintiff states that upon his arrival to Mule Creek State Prison on or about March 20, 2020, Corrections Officers Filipello and Sunderland and Sergeant Feltner confiscated the "Boombox" stereo issued to Plaintiff during the settlement of this case. (ECF No. 118.) Plaintiff presented the officers with photocopies of the settlement agreement and explained that the stereo had been issued to him through the Office of Administrative Law to settle civil rights litigation. Plaintiff then filed an Inmate/Parolee Appeal seeking the return of the stereo and was informed by Sergeant Feltner that the stereo did not comply with CDCR policies. Plaintiff argues that during the settlement conference, Magistrate Judge Seng retained jurisdiction over this settlement, and as the confiscation of his stereo has no basis in state or federal law, requests that the Court instruct Mule Creek State Prison staff to return the stereo or provide some legally appropriate explanation why they have not done so. (Id.)

As noted above, this action was settled and closed on November 27, 2017. (ECF No. 107.) At the time of dismissal, the action proceeded against Defendants Amrheign, Austin, Wilson, and Yzguerra, all employees of Corcoran State Prison. In his current motion, Plaintiff claims that the stereo he received as part of the settlement of this action was confiscated by officers employed at Mule Creek State Prison, nearly three years after this action was closed. Plaintiff is attempting to state claims against individuals who were not parties to the original action, and over whom the Court does not have jurisdiction. Although the stereo at issue was given to Plaintiff as a result of the settlement of this case, that does not provide the Court with jurisdiction over all potential future claims that involve that stereo.

To the extent Plaintiff believes the confiscation of his stereo has violated his federal rights, he is not precluded from seeking redress by filing a new suit. This case, however, shall remain closed, as the Court lacks jurisdiction to address Plaintiff's current concerns. This action

is simply not the proper vehicle for obtaining the relief Plaintiff seeks.

Accordingly, Plaintiff's motion to enforce the settlement agreement, (ECF No. 118), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **July 2, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

3